IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:94-CR-00147-F-1
No. 5:16-CV-00596-F

| | |
|---|---|
| RICKY LEE WOODRUP,<br>    Petitioner, | )<br>)<br>) |
| v. | )    ORDER |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)<br>) |

This matter is before the court on the Government's Motion to Dismiss [DE-43] Ricky Lee Woodrup's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-32]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED and Woodrup's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On November 9, 1994, Woodrup was charged in a single-count indictment with bank robbery, in violation of 18 U.S.C. § 2113(a). *See* Indictment [DE-9]. At his arraignment, held on January 23, 1995, Woodrup pled not guilty to the Indictment. Following a jury trial, Woodrup was found guilty. *See* Jury Verdict [DE-23].

Woodrup's sentencing was held on April 10, 1995, and he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1.[1] *See* PSR at 10, ¶ 29. Woodrup was sentenced to 240

---

[1] A career offender is a defendant: (1) who is "at least eighteen years old at the time the defendant committed the instant offense of conviction"; (2) whose instant offense is "a felony that is either a crime of violence or a controlled substance offense"; and (3) who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

months' imprisonment[2], three years of supervised release, and was ordered to pay restitution in the amount of $147.75. *See* Judgment [DE-27]. According to the Judgment, "[t]he court impose[d] a sentence at the upper end of the range because of [Woodrup's] extensive violent and drug-related criminal history." *Id.* at 6.

On April 14, 1995, Woodrup filed a Notice of Appeal [DE-28]. In a published opinion, entered on June 21, 1996, the Fourth Circuit Court of Appeals affirmed the judgment of this court. *See United States v. Woodrup*, 86 F.3d 359 (4th Cir. 1996).

On June 27, 2016, Woodrup filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-32]. In his § 2255 motion, Woodrup alleges that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is no longer a career offender. Mot. Vacate [DE-32] at 3-4. Specifically, Woodrup contends that his conviction for common law robbery is no longer a crime of violence; thus, he no longer has the two requisite predicate offenses. *Id.* On October 5, 2016, the Government filed a Motion to Dismiss [DE-43], arguing that Woodrup's motion should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the

---

[2] Woodrup's guideline imprisonment range was 210 to 240 months. *See* Judgment [DE-27] at 6.

2

complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Background

**The Supreme Court's decisions in *Johnson* and *Welch***

On June 26, 2015, in *Johnson*, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause, contained in 18 U.S.C. § 924(e)(2)(B)(ii), violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), which held that *Johnson* applies retroactively to cases on collateral

3

review. 136 S. Ct. 1268.

## IV. Discussion

**Woodrup is not entitled to relief under *Johnson*.**

As noted, Woodrup alleges that he must be sentenced without the career offender designation because his common law robbery conviction is no longer a crime of violence. Mot. Vacate [DE-37] at 3-4. A review of the record reveals that Woodrup was found to be a career offender based on the following convictions: (1) common law robbery; (2) three counts of possession with intent to sell and distribute marijuana; (3) two counts of sale and delivery of marijuana; and (4) assault on a law enforcement officer. *See* PSR at 15, ¶ 62.

Even assuming that *Johnson* applies retroactively on collateral review to the Guidelines[3] and Woodrup's common law robbery conviction is no longer a valid predicate, he has other convictions that support his career offender status. For example, Woodrup has two prior controlled-substance offenses, *see* PSR at 6, ¶ 16 (possession with intent to sell and deliver marijuana, sale of marijuana, and delivery of marijuana); PSR at 7, ¶ 18 (possession with intent to sell and deliver marijuana), and *Johnson* is unrelated to sentencing for controlled substance offenses, *United States v. Peets*, No. 1:08-cr-465, 2016 WL 6093481, at *2 (E.D. Va. Oct. 18, 2016). Consequently, *Johnson* does not offer Woodrup any relief.

## V. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-43] is ALLOWED

---

[3] On June 27, 2016, the Supreme granted certiorari in *Beckles v. United States*, 15-8544. The questions presented in *Beckles* include whether *Johnson* applies retroactively to collateral claims challenging sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). *Beckles* is on the Supreme Court's argument calendar for November 28, 2016.

4

and Woodrup's Motion to Vacate [DE-32] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 2 day of November, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge